IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS A. HIRANO, #87378-022, | Civil. No. 20-00473 DKW-WRP |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DISMISSING MOTION FOR LAW LIBRARY TIME |
| v. | |
| SAND ISLAND TREATMENT CENTER, *et al.*, | |
| Defendants. | |

Before the Court is pro se Plaintiff Douglas A. Hirano's ("Hirano") Verified Complaint ("Complaint") brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671–2680.  ECF No. 1.  Also, before the Court is Hirano's Motion for Preliminary Injunction, ECF No. 7, and his Motion for Law Library Time, ECF No. 9.  Hirano is currently incarcerated at the Federal Detention Center, Honolulu (FDC-Honolulu).  He alleges that Defendants[1] violated "the Constitution and laws of the United States" following his departure

---

[1]Hirano names in their individual and official capacities the Sand Island Treatment Center, Kate McClory, the United States of America, the Walsh-Klein Foundation, Verizon Wireless, John Does 1-200, and Jane Roes 1-100.  ECF No. 1 at PageID # 1–2.

from a residential treatment program at the Sand Island Treatment Center ("SITC") in August 2020.[2]

Hirano's Complaint is DISMISSED for the many reasons set forth below. *See* 28 U.S.C. § 1915A(a)–(b). Because none of his claims survive mandatory screening, Hirano's Motion for Preliminary Injunction is DENIED as moot. Further, his Motion for Law Library Time is DISMISSED for lack of jurisdiction. Hirano may file an amended pleading on or before January 29, 2021, as limited below.

## I. **STATUTORY SCREENING**

Because Hirano is a prisoner seeking relief against a government official, the Court screens his Complaint pursuant to 28 U.S.C. § 1915A(a). The Court must dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915A(b); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).

Screening under 28 U.S.C. § 1915A(a) involves the same standard as that under Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013). Under Rule 8, a

---

[2]Hirano paid the fees associated with this suit and is not proceeding in forma pauperis. *See* ECF Nos. 2, 6.

complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which the claim rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that Rule 8's pleading standard "demands more than an unadorned, the defendant unlawfully-harmed-me accusation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although this plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a

defendant has acted unlawfully." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  In dismissing for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

## II.  <u>BACKGROUND</u>[3]

A grand jury returned a six-count indictment against Hirano on September 23, 1999.  Cr. No. 99-00465 ACK, ECF No. 9.  Hirano pleaded guilty to all six counts.  Cr. No. 99-00465 ACK, ECF No. 49.  Hirano was then sentenced to 262 months' imprisonment on five of the counts and twenty-four months' imprisonment on the remaining count, with all terms to run concurrently, Cr. No.

---

[3]This background is taken from the Complaint and Hirano's federal criminal proceedings in *United States v. Hirano*, Cr. No. 99-00465 (D. Haw.).  The court accepts the Complaint's factual allegations as true and construes them in the light most favorable to Hirano.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

99-00465 ACK, ECF No. 69.  In addition to the term of imprisonment, Hirano's

sentence included a ten-year term of supervised release.[4]  *Id.*

Hirano commenced his term of supervised release on December 12, 2019.

*See* Cr. No. 99-00465 ACK, ECF No. 118 at PageID # 393.  On June 16, 2020, the

court ordered Hirano to show cause why his supervised release should not be

revoked.  *See* Cr. No. 99-00465 ACK, ECF No. 127.  Hirano admitted four

violations of his conditions of supervision, *see* Cr. No. 99-00465 ACK, ECF No.

130, but he requested to participate in a residential substance abuse treatment

program at the Sand Island Treatment Center ("SITC"),[5] *see* Cr. No. 99-00465

ACK, ECF No. 133.  The court granted Hirano's request, and he was released by

the FDC-Honolulu to an SITC staff member on August 17, 2020.  *See* Cr. No.

99-00465 ACK, ECF Nos. 133, 134; *see also* ECF No. 1 at PageID # 2.  The court

held the violations of supervised release in abeyance pending Hirano's completion

of the residential treatment program.  Cr. No. 99-00465 ACK, ECF No. 133.

Defendant McClory, a probation officer with the United States Probation Office,

supervised Hirano upon his release from the FDC-Honolulu.  *Id.*; ECF No. 1 at

PageID # 2.

---

[4]The term of supervised release included ten years on two counts, and eight-, six-, five-, and one-year terms on the other counts, with all terms to run concurrently.

[5]According to Hirano, the Walsh-Klein Foundation "oversees" the SITC.  ECF No. 1 at PageID # 2.

In his brief time at the SITC, Hirano filed numerous grievances alleging "breach of doctor patient confidentiality privilege," "denial of recreation," "denial of legal activities," and "denial of receiving reading materials."  ECF No. 1 at PageID # 2.  Hirano claims that he was "evicted" from the SITC on August 20, 2020—that is, three days after he arrived.  *Id.*  According to Hirano, McClory directed the SITC to surveil him until she could obtain a warrant for his arrest.  *Id.*

Hirano alleges that "at least 20" SITC employees surveilled him twenty-four hours a day, for more than two days.  *Id.* at PageID # 3.  In addition to surveilling him, Hirano claims that the SITC and its employees:  (1) made false statements to numerous businesses about his criminal history; (2) took a SIM card from his cellular phone and his two suitcases; (3) might have pointed a loaded firearm at him; (4) ordered a Verizon Wireless employee to disclose his phone number; (5) made "explicit derogatory comments" toward him; and (6) downloaded information from his SIM card and "sent it to cyber space."[6]  ECF No. 1 at PageID ## 2–4.

Hirano claims that:  (1) all Defendants violated the Cruel and Unusual Punishment Clause of the Eighth Amendment; (2) all Defendants violated the substantive due process component of the Fifth Amendment; (3) the SITC and

_____

[6]Hirano was rearrested on August 24, 2020.  Cr. No. 99-00465 ACK, ECF No. 138.  On November 9, 2020, the court revoked Hirano's supervised release and sentenced him to eight months' imprisonment.  Cr. No. 99-00465 ACK, ECF No. 155.

Walsh-Klein Foundation violated the Establishment Clause of the First Amendment; (4) all Defendants violated the Fourth Amendment; (5) all Defendants committed acts or omissions constituting invasion of privacy, gross negligence, negligence, severe infliction of emotional trauma, intentional infliction of emotional distress, and negligent infliction of emotional distress; (6) McClory and the United States of America violated the Due Process Clause of the Fifth Amendment; (7) McClory and the United States of America failed to lead, train, instruct, supervise, and evaluate the SITC and its employees; (8) the United States is liable for the torts of its employees; (9) all Defendants violated the Due Process Clause of the Fifth Amendment by infringing on his "basic human rights"; (10) the SITC, one of its employees, and Verizon Wireless violated the Due Process Clause of the Fifth Amendment ; and (11) Verizon Wireless's conduct constitutes invasion of privacy, gross negligence, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.  ECF No. 1 at PageID # 5–6.

Hirano seeks injunctive relief, and compensatory and punitive damages totaling at least $85 million.  *Id.* at PageID # 7.

# III. <u>DISCUSSION</u>

## A. Hirano's *Bivens* Claims

### 1. *Legal Framework*

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action twice. *See Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials). "These three cases— *Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).

"This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[7]  *Abbasi*, 137 S. Ct. at 1857 (quoting *Malesko*, 534 U.S. at 68).  Indeed, the Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today."  *Abbasi*, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, this Court first considers whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018).  If the claim is precluded, that is the end of the matter.  If the claim is not precluded, the Court then applies a two-step test.

At step one, the Court determines whether the plaintiff is seeking a *Bivens* remedy in a new context.  *Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous

---

[7]The Court declined to create a *Bivens* remedy in the following cases:  a First Amendment suit against a federal employer, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, *Chappell v. Wallace*, 462 U.S. 296, 297 (1983); a substantive due process suit against military officers, *United States v. Stanley*, 483 U.S. 669, 671–72 (1987); a procedural due process suit against Social Security officials, *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, *FDIC v. Meyer*, 510 U.S. 471, 473–74 (1994); an Eighth Amendment suit against a private prison operator, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); a due process suit against officials from the Bureau of Land Management, *Wilkie v. Robbins*, 551 U.S. 537, 547–548, 562 (2007); an Eighth Amendment suit against prison guards at a private prison, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012); and a Fifth Amendment suit against Department of Justice officials, *Abbasi*, 137 S. Ct. at 1860–63.

*Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859.  A case might differ in a meaningful way because of, among other things, the rank of the officers involved, the constitutional right at issue, the generality or specificity of the official action, the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted, the statutory or other legal mandate under which the officer was operating, the risk of disruptive intrusion by the Judiciary into the functioning of other branches, or the presence of potential special factors that previous *Bivens* cases did not consider.  *Id.* at 1860.

If the plaintiff is seeking a *Bivens* remedy in a new context, then the Court proceeds to the second step.  At step two, the Court may extend *Bivens* only if two conditions are met.

"First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951.  "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 137 S. Ct. at 1858.  "'Alternative remedial structures can take many forms, including administrative, statutory, equitable, and state law remedies." *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018).

"Second, there cannot be any 'special factors' that lead [the court] to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Ioane*, 939 F.3d at 951–52 (internal quotation marks omitted).

Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

### 2. *Claims against the United States*

Hirano names the United States of America as a defendant. ECF No. 1 at PageID #1. In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."). "*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985); *Pereira v. U.S. Postal Service*, 964 F.2d 873, 876 (9th Cir. 1992). To the extent Hirano attempts *Bivens* claims against the United States, they are DISMISSED with prejudice.

### 3. *Claims against private entities*

Hirano also names as defendants the SITC, the Walsh-Klein Foundation, and Verizon Wireless. ECF No. 1 at PageID # 1–2. The purpose of *Bivens* is to deter "individual federal officers from committing constitutional violations[.]" *Malesko*,

534 U.S. at 70; *see Reid v. United States*, 825 F. App'x 442, 444 (9th Cir. 2020) ("A claim for damages based on individualized mistreatment by rank-and-file federal officers is . . . what *Bivens* was meant to address."). "[T]he threat of suit against an individual's employer [is] not the kind of deterrence contemplated by *Bivens*." *Malesko*, 534 U.S. at 70. *Bivens*, therefore, does not extend to suits against federal agencies, *Meyer*, 510 U.S. at 483–86, or private entities, *Malesko*, 534 U.S. at 70–71.

Because the SITC, the Walsh-Klein Foundation, and Verizon Wireless are private entities, any *Bivens* claim against them is DISMISSED with prejudice. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (concluding that plaintiff could not hold private corporation liable under *Bivens*); *Kandi v. Mgmt. & Training Corp.*, 778 F. App'x 462, 462 (9th Cir. 2019) ("[A] *Bivens* claim may not be brought against a private corporation."); *Riggio v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 31 F. App'x 505–06 (9th Cir. 2002) ("There is no private right of action for damages against private entities that are alleged to have engaged in constitutional deprivations, even if they are acting under color of federal law.").

### 4.  *Claims Against Defendants in their Official Capacities*

Hirano states that "[e]ach Defendant is sued individually, and in their official capacities." ECF No. 1 at PageID #2. "There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."

*Solida v. McKelvey*, 820 F.3d 1090, 1094–95 (9th Cir. 2016) (internal quotation marks and citation omitted). "[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157 (9th Cir. 2007) (internal quotation marks omitted and alteration in original). "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Id.* Any *Bivens* claim against Defendants in their official capacities is DISMISSED with prejudice.

### 5. *Request for Injunctive Relief*

Hirano states that he seeks injunctive relief. ECF No. 1 at PageID # 7. Specifically, he seeks an order requiring Defendants to stop sharing information from his SIM card, and to return the SIM card, his suitcase, shoulder bag, and watch. *Id.* As the Ninth Circuit has held, however, "relief under *Bivens* does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action." *Solida*, 820 F.3d at 1093. Hirano's request for injunctive relief is DISMISSED with prejudice. *See Schulze v. Fed. Bureau of Prisons*, Civ. No. 20-00188 DKW-WRP, 2020 WL 2841882, at * (D. Haw. June 1, 2020) ("*Bivens* is both inappropriate and unnecessary for claims seeking equitable

relief against actions by the federal government because, by definition, *Bivens* suits are individual capacity suits for damages and cannot be used to enjoin official government action.").

### 6. *Claims against private employee of the SITC*

Hirano makes various allegations against a private employee of the SITC, John Doe.[8]  *See* ECF No. 1 at PageID # 2.  The Supreme Court has not foreclosed the possibility of a *Bivens* remedy against private actors, *see Vega*, 881 F.3d at 1153, and the Ninth Circuit has said that "the private status of the defendant will not serve to defeat a *Bivens* claim, provided that the defendant engaged in federal action," *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir. 1987).

The Ninth Circuit applies "similar tests to determine whether federal action exists to support a *Bivens* claim or to determine whether State action will permit a § 1983 cause of action." *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338,

---

[8]The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a).  "Doe Defendants" are disfavored, however, because it is effectively impossible for the United States Marshal to serve an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored.").  A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular Doe Defendant violated his rights.  A plaintiff may then use the discovery process to obtain the names of Doe Defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

1343 (9th Cir. 1997).  In either scenario, a private actor's conduct must be "fairly attributable" to the government.  *Id.* at 1340.  The Ninth Circuit has identified four different tests for determining when private actors may be involved in government action such that they may be held liable for civil rights violations:  (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.[9]  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Hirano has not alleged sufficient facts linking John Doe's conduct to the government under any of these tests.  Hirano claims that John Doe ordered a Verizon Wireless employee to disclose his telephone number, directed the same employee to access his SIM card, and ordered the Verizon employee to extract information from the card.  ECF No. 1 at PageID # 3.  Hirano further claims that John Doe then sent the information obtained from Verizon "to cyber space."  *Id.*  These allegations, even if true, implicate the conduct of employees of two private entities without any assertion of governmental involvement or influence.   It is

---

[9]Under the public function test, a defendant is a governmental actor if he or she was endowed "with powers or functions governmental in nature."  *Kirtley*, 326 f.3d at 1093.  Under the joint action test, a defendant is a governmental actor if the government insinuated itself into a position of interdependence with the private entity such that the private actor became a joint participant in the challenged activity.  *Id.*  Under the compulsion test, a defendant is a governmental actor if he or she acted under the coercive influence or significant encouragement of the government.  *Id.* at 1093.  Under the nexus test, a defendant is a state actor if there was a close nexus between the government and the challenged action.  *Id.* at 1094–95.

difficult to see, then, how any of this conduct could be "fairly attributable" to the government.

Although Hirano claims that McClory instructed the SITC to surveil him, ECF No. 1 at PageID # 2, the Complaint does not plausibly allege that McClory directed John Doe to engage in the complained-of conduct, authorized him to do so, or was even aware that John Doe acted in the manner alleged. Hirano's statement that John Doe was a "de facto agent[] of the United States Probation Office and the United States Marshals" is conclusory and does not provide the factual basis to show that John Doe's alleged misconduct was "fairly attributable" to the federal government. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . will not do.").

Because the Complaint does not plausibly allege that John Doe's conduct was "fairly attributable" to the federal government, any *Bivens* claim against him is DISMISSED with leave to amend. *See Kulkarni v. Upasani*, 659 F. App'x 937, 940–41 (9th Cir. 2016) ("[The plaintiff] failed to make the necessary link between the individuals and the government, without which a purely private individual cannot be held liable for violating his constitutional rights under . . . *Bivens*.").

### 7. *Claims against McClory*

Hirano names one federal officer in the Complaint, Defendant McClory. ECF No. 1 at PageID # 1. "[A] *Bivens* claim is brought against the individual

official for his or her own acts, not the acts of others." *Abbasi*, 137 S. Ct. at 1860;
*Lanuza*, 899 F.3d at 1028.  As the Supreme Court has stated, "[b]ecause vicarious
liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each
Government-official defendant, through the official's own individual actions, has
violated the Constitution."  *Iqbal*, 556 U. S. at 676; *Starr v. Baca*, 652 F.3d 1202,
1206 (9th Cir. 2011).

Hirano claims that the SITC and its employees:  (1) made false statements to
businesses about his criminal history; (2) took a SIM card from his cellular phone
and his two suitcases; (3) might have pointed a loaded firearm at him; (4) ordered a
Verizon Wireless employee to disclose his phone number; (5) made "explicit
derogatory comments" toward him; and (6) downloaded information from his SIM
card and "sent it to cyber space."  ECF No. 1 at PageID ## 2–4.

The Complaint does not plausibly allege that McClory personally
participated in, directed, or caused Hirano to suffer a constitutional injury.
Although Hirano claims that McClory instructed the SITC to surveil him, he does
not allege that she was personally involved in any unconstitutional conduct.  Nor
does he allege that McClory was even aware of such conduct.  The Complaint
fails, therefore, to allege plausible claims based on McClory's "own misconduct."
*See Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title
notwithstanding, is only liable for his or her own misconduct.").

Hirano's claims against McClory are DISMISSED with leave to amend. *See West v. City of Mesa*, 708 F. App'x 288, 292 (9th Cir. 2017) (concluding that district court properly dismissed *Bivens* claim where plaintiff failed to allege defendants' personal involvement in alleged unconstitutional conduct); *Sosbee v. U.S. Dep't of Justice*, 14 F. App'x 926, 927 (9th Cir. 2001) ("The district court did not err in dismissing [plaintiff's] claims against the individual defendants in their individual capacities because [plaintiff] did not allege their personal involvement in the constitutional deprivation, or a sufficient causal connection between their wrongful conduct and the constitutional violation.").

## B. Hirano's FTCA claims

The FTCA provides that the United States shall be liable, to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances [.]").  The FTCA waives the United States' sovereign immunity for tort claims against the federal government in cases where a private individual would have been liable

under "the law of the place where the act or omission occurred."  28 U.S.C.

§ 1346(b)(1).

A tort action cannot be brought against the United States, however, "unless

the claimant shall have first presented the claim to the appropriate Federal agency

and his claim shall have been finally denied by the agency in writing and sent by

certified or registered mail."  28 U.S.C. § 2675(a); *Redlin v. United States*, 921

F.3d 1133, 1136 (9th Cir. 2019).  An administrative claim is deemed exhausted

once the relevant agency finally denies it in writing, or if the agency fails to make a

final disposition of the claim within six months of the claim's filing.  28 U.S.C.

§ 2675(a); *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir.

2017).

This exhaustion requirement "is a jurisdictional prerequisite to the bringing

of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the

complaint."  *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).  "A district

court may dismiss a complaint for failure to allege this jurisdictional prerequisite."

*Id.*; *see also Hoapili v. Enoki*, Civ. No. 17-00384 SOM-KJM, 2017 WL 4106074,

at *1 (D. Haw. Sept. 12, 2017) (concluding that possible claim under the FTCA

was deficient because pleading failed to allege exhaustion of administrative

remedies).

Hirano does not allege in the Complaint that he exhausted his administrative remedies. Moreover, even if Hirano filed such an administrative claim, he has not shown that the claim was denied or that six months have passed since it was filed. His FTCA claims are DISMISSED without prejudice. *See Mendoza v. United States*, 661 F. App'x 501, 501–02 (9th Cir. 2016) ("The district court properly dismissed [former federal prisoner's] FTCA claim for lack of subject matter jurisdiction because Mendoza failed to allege administrative exhaustion under the FTCA.").

## C. Hirano's Motion for Preliminary Injunction

Hirano moves the court for a preliminary injunction. ECF No. 7. He asks the Court to order Defendants "to preserve any and all evidence in this action[.]" *Id.* at PageID # 22. Because the Complaint is dismissed in its entirety, Hirano's Motion for Preliminary Injunction is DENIED as moot.

## D. Hirano's Motion for Law Library Time

Hirano moves the Court for an order requiring FDC-Honolulu to allow him "two additional hours [of] out-of-cell time" each day "to engage in legal activities." ECF No. 9 at PageID ## 26–27.

This Court lacks jurisdiction to issue an order against FDC-Honolulu officials because they are not parties to this case. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (noting that a federal court "may not attempt to determine the

rights of persons not before the court"); *see also Patten v. Stone*, 623 F. App'x 893, 894 (9th Cir. 2015) (concluding that district court did not abuse its discretion in denying prisoner's request for increased access to the law library because prison officials were not parties to the action).

Moreover, absent unusual and compelling circumstances absent here, federal courts generally are discouraged from interfering with day-to-day prison administration decisions. *See Turner v. Safley*, 482 U.S. 78, 84–86 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government."); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (noting the Supreme Court's admonition that courts should "avoid enmeshing themselves in minutiae of prison operations in name of the Constitution").  Here, there is no allegation that Hirano is being prevented from accessing legal materials or the law library, or that any current legal restrictions are anything other than reasonable.   An order requiring FDC-Honolulu officials to provide Hirano with *an additional two hours outside his cell each day* would be particularly intrusive into prison operations at a time when many prisoners want access to the law library and officials are attempting to deal with the COVID-19 pandemic in the prison setting.  Hirano's Motion for Law Library Time is DISMISSED for lack of jurisdiction.

## IV.  <u>LEAVE TO AMEND</u>

Hirano may file an amended complaint on or before January 29, 2021 to cure the deficiencies in his Complaint identified above.  If Hirano elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  An amended complaint must be short and plain, comply with Fed. R. Civ. P. 8, and be submitted on the court's prisoner civil rights form.  See LR 99.2(a) ("All prisoner complaints . . . shall be signed under penalty of perjury and legibly written or typewritten on approved court forms[.]").  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.  <u>28 U.S.C. § 1915(g)</u>

If Hirano fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  <u>CONCLUSION</u>

(1) Hirano's *Bivens* claims against the United States of America, Sand Island Treatment Center, Walsh-Klein Foundation, and Verizon Wireless are DISMISSED with prejudice.

(2) Hirano's *Bivens* claims against Defendants in their official capacities are DISMISSED with prejudice.

(3) Hirano's request for injunctive relief is DISMISSED with prejudice.

(4) Hirano's *Bivens* claims against John Doe and McClory are DISMISSED with leave to amend.

(5) Hirano's FTCA claims against the United States of America are DISMISSED with leave to amend.

(6) Hirano's Motion for Preliminary Injunction is DENIED as moot.

(7) Hirano's Motion for Law Library Time is DISMISSED for lack of jurisdiction.

(8) Hirano may file an amended complaint, consistent with this Order, on or before January 29, 2021.  Failure to file an amended complaint by January 29, 2021 may result in the dismissal of this action with prejudice.

(9) The Clerk is directed to send Hirano a blank prisoner civil rights complaint form to facilitate his compliance with the directions in this Order.

IT IS SO ORDERED.

Dated: January 6, 2021 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Douglas A. Hirano v. Sand Island Treatment Ctr.*; Civil No. 20-00473 DKW-WRP; **ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND, DENYING MOTION FOR PRELIMINARY INJUNCTION, AND DISMISSING MOTION FOR LAW LIBRARY TIME**